# IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE
## IN AND FOR SUSSEX COUNTY

ESTATE OF EVELYN R. GREGG )
    Connie Lynn Ponce, Administrator )
        )
    Plaintiff below, Appellant. )
        )
        v.        )    C.A. No. CPU6-18-001910
        )
REESE B. ELLIOTT, III and )
STEPHANIE ELLIOTT, )
        )
    Defendants below/Appellees. )

Submitted March 23, 2022
Decided May 23, 2022

Paul G. Enterline, Esq.
113 S. Race Street
P.O. Box 826
Georgetown, DE 19947
*Attorney for Appellant*

Reese B. Elliott and
Stephanie Elliott
26037 Ashcroft Drive
Millsboro, DE 19966
*Pro Se, Appellees*

## DECISION ON APPEAL

**MIMS, J.**

## FACTUAL AND PROCEDURAL HISTORY

This case is before the Court on appeal from a decision of the Justice of the Peace pursuant to 10 *Del. C.* § 9571.

On December 11, 2018, the Justice of the Peace entered a judgment on behalf of Defendants below/Appellees citing insufficient proof the Defendants ever promised to repay these "loans."[1] On December 18, 2018, Plaintiff below/Appellant filed a Notice of Appeal with this Court. A pre-trial conference was scheduled with this Court on March 21, 2019. The conference was continued at the request of Appellant's attorney. The Court held another pre-trial conference on June 13, 2019. Appellant's attorney filed a pre-trial worksheet on June 5, 2019, and Appellees filed a pre-trial worksheet on June 12, 2019. This Court held a trial *de novo* on March 23, 2022. This Court heard testimony from four witnesses and documentary evidence was submitted by the Appellant.[2] At the conclusion of the trial, the Court reserved decision. This is the Court's final decision after trial.

The Court heard testimony from two witnesses for Appellant: Rebecca Wright, who testified first, and Connie L. Ponce, who was the predominate fact witness. Appellees testified in their own defense. Connie L. Ponce ("Appellant") testified she and her sister Julie McCabe serve as co-administrators for their mother's estate, Evelyn Gregg ("Decedent"). They bring this action against their nephew, Reese Elliott ("Appellee No.1) and his wife, Stephanie Elliott ("Appellee No. 2) to recoup $16,630.00 owed to Decedent prior to her death. The amount includes $13,990.00 for a 2003 Chevrolet Trailblazer and post-judgment interest and costs.

Decedent co-signed an automobile loan to finance a 2003 Chevrolet Trailblazer with the Delaware State Police Federal Credit Union on March 16, 2005 with Appellee No. 1 and his mother

---

[1] Del. J.P. Order, C.A. No. JP17-18-005749, (Dec. 11, 2018)
[2] Appellant's exhibits A – M were received into evidence.

as owners. Decedent made payments on the automobile and the loan was paid in full on June 30, 2010. Appellee No. 1 took out a title loan on August 3, 2010 and defaulted on that loan requiring Decedent to pay off that debt. Decedent held physical control of the title to the automobile.

Decedent maintained a series of small, leather-bound notebooks with handwritten numerical notations appearing to be monies paid out and monies received with a "+" or "-" attached to each numerical notation. Most fail to detail the purpose of the monies paid out and received. Decedent noted Appellee No. 1's name "Reese B Elliott – Truck $13,990" on one of the entries. Appellant asserts these are her mother's notebooks, and this is her mother's handwriting – which is not in dispute. The single page (the only one found from this particular notebook, which could not be recovered) details other entries under "RB" that illustrate monies received and given. The book shows at least five subtractions of $50 on this page as well as other additions and subtractions. The notebook entries illustrate Appellee No. 1 received money from his grandmother, Decedent – which is not in dispute.

On February 1, 2015, Appellant sent an email to her sister, Appellee No. 1's mother, with a draft promissory note enclosed for Appellees to sign. The note states Appellants have borrowed money from Decedent over the past several years to cover the Chevrolet Trailblazer and personal/household bills. In addition, the note states the balance is $15,000 and Appellees agree to pay $50 to $100 per week until the balance reaches zero and Appellees understand if their grandmother passes away before the loan is paid in full all monies will be made payable to her Estate. There are no signatures from Appellees on this Promissory Note or on a second copy of the Promissory note. Appellant drafted a letter on behalf of Decedent dated May 30, 2015 to Appellees stating they were behind on their loan and were behind in their $50 per week payments. The letter stated the loan balance was now $14,828.00 and requested they contact Decedent by June 19, 2015.

Appellant states she sent the letter certified-mail and it was returned as "unaccepted." On December 9, 2015, Appellant No. 1 signed over a check he received from Roy Pratt for work on plumbing repair to Decedent that came back as insufficient funds. On March 20, 2017, Appellant's sister and Appellee No. 1's mother responded to interrogatories in another legal action brought by Appellant against Handy, Appellee No.1 and his brother in the Chancery Court of Delaware.[3] Handy responded "false" to the following statement "Since just before Decedent's death, Handy, Reese and Travis have taken and maintained the position that the Reese loan and the Travis loan were actually gifts.

Appellee No. 1 testified Decedent provided financial assistance when his family was in need. He states his grandmother died in 2016 and she primarily raised him. Decedent provided what she wanted to provide monetarily to him. He stated he received his inheritance from his grandmother's estate and his aunts are only going after the truck because it is the most expensive item. Appellee No. 1 testified he paid here and there when he could pay Decedent. Appellee No. 2 testified she took care of Decedent for quite a long time. Decedent helped a lot of people in the family and assisted their family in getting in the right direction.

## PARTIES' CONTENTIONS

Appellant seeks review of the December 11, 2018 decision of the Justice of the Peace Court's judgment in favor of Appellees due to insufficient proof the Appellees ever promised to replay these loans. Appellant asserts it was Decedent's intent to be repaid for monies provided to Appellees for the automobile and her handwritten notations provide the basis for the intention. In particular, Appellant notes the $50 payments were subtracted from Appellee No. 2's wages for the home health care she provided Decedent. Appellant asserts this document with the numerical

---

[3] *McCabe & Ponce v. Handy, Elliott and Elliott*, 2017-0107-SG, (Del. Ch.)

4

notations is admissible under the contemporaneous business record Hearsay exception.[4] Appellant attempted to document the agreement with a promissory note sent to Appellee No. 1's mother, and Appellant wrote a letter on behalf of her mother, who signed it, stating her intention to be repaid and there was no active repayment plan in place now that Appellees stopped paying. Decedent asked Appellees to come see her and make arrangements and Appellees ignored her. Appellee No. 1's mother states in previous litigation that it was false they considered the Reese loan and the Travis loan gifts.

Appellees state there was never any agreement to repay the money for the automobile. They assert Decedent helped them out during a difficult financial time as she did others in the family. Decedent held the title to the automobile because she paid the title loan. Appellee No. 2 cared for Decedent for a long time. Appellees assert many of these documents are not admissible and/or are fraudulent. They deny owing any money to Decedent's estate as there was no agreement to repay the money.

## DISCUSSION

In civil claims, the party asserting the claim bears the burden of proving each and every element of the claim by a preponderance of the evidence.[5] The side of the greater weight of the evidence is found is the side on which the preponderance of the evidence lies.[6] If the evidence is in even balance, then the party bearing the burden of proving a fact by a preponderance of the evidence has failed to satisfy the burden.[7]

---

[4] D.R.E 803(6)(C)
[5] *Sullo v. Kousournas*, 2010 WL 718666, at *6 (Del. Super. Feb. 3, 2010).
[6] *Reynolds v. Reynolds*, 237 A.2d 708, 711 (Del. 1967).
[7] *Fletcher v. Shahan*, 2002 WL 499883, at *3 (Del. Super. March 6, 2002).

To prevail on a claim for breach of contract, the plaintiff must prove, by a preponderance of the evidence, that: (1) a contract existed between the parties; (2) breach by the defendant of an obligation imposed under the contract; and (3) damages to plaintiff resulting from that breach.[8] As the finder of fact in a bench trial, the Court must weigh the credibility of witnesses and resolve the conflicts of their testimony[9].

Delaware law has defined a contract "as an agreement upon sufficient consideration to do or not to do a particular thing."[10] "Consideration is a bargained-for-exchange of legal value."[11] All contracts and modifications require consideration.[12] In order to create a contract, there must be "mutual assent to the terms of the agreement, also known as the meeting of the minds."[13] "Mutual assent requires an offer and acceptance where in 'all the essential terms of the proposal must have been reasonably certain and definite.'"[14] If the meeting of the minds does not occur, then the contact is unenforceable under Delaware law.[15]

There is no dispute between the parties there was a copious amount of money given to the Appellees from Decedent. The issue centers on whether there was a sufficient amount of evidence to show there was a contract/agreement for Appellees to pay monies back for the 2003 Chevrolet Trailblazer. The Court finds Appellant fails to meet her burden there was an agreement and/or mutual assent to repay Decedent. First, there is the page from the notebooks featuring numerical

---

[8] *VLIW Techn., LLC v. Hewlett Packard Co.*, 840 A.2d 606, 612 (Del. 2012); *Interim Healthcare, Inc. v. Spherion Corp.*, 884 A.2d 513, 548 (Del. Super. 2005).
[9] *See Johnson v. State*, 929 A.2d 784 (Del. 2007); *Pencader Associates, LLC v. Synergy Direct Mortgage Inc.*, 2010 WL 2681862, *3 (Del. Super. June 30, 2010).
[10] *Howlett v. Zawora*, 2012 WL 1205103, at *2 (Del. Com. Pl. March 30, 2012).
[11] *Harmon v. State*, 2010 WL 8250826, at *2 (Del. Super. Sept. 27, 2010).
[12] *See id.* at *2.
[13] *Thomas v. Thomas*, 2010 WL 1452872, at *4 (Del. Com. Pl. March. 19, 2010).
[14] *See id.*
[15] *See Rodgers v. Erickson Air-Crane Co. LLC*, 2000 WL 1211157, at *6 (Del. Super. 2000).

notations logging Decedent's finances. Appellant testified these were her mother's books. The Court admitted the documents as Appellant authenticated the handwriting as her mother's.[16] Appellant asserts her mother used this document to illustrate her intent to be paid back for the automobile. The Court finds the contents of the document as inadmissible hearsay. While Appellant asserts the contents are a contemporaneous business record, the Delaware Rules of Evidence states that a business record is one "that is kept in the course of a regularly conducted activity of a business, organization, occupation or calling, whether for profit or not." Clearly, these are the personal logs of Decedent's finances.

In addition, there is no notation beyond Appellee No. 1's name and the price for the truck in the notebook. Further, the $50 alleged payments fail to note, in the entry, they were paid from Appellee No. 2's payment for the home health care assistance she provided the Decedent. While this may have been Decedent's intent, the Court finds there is no evidence of assent by the Appellees through some evidence in writing or how the payments were subtracted from Appellee No. 2's paycheck. Appellant recognized this fact and attempted to draft a promissory note acknowledging the debt, the payment schedule and continued payment to the estate upon the death of the Decedent. Appellees never signed the document.

Second, similarly to the notebook notation, the letter Appellant sent to Appellee's on behalf of her mother fails to provide any proof Appellees received it, responded to it, or agreed to it. Again, the Court admitted the documents as Appellant authenticated that the signature (not the full letter) was her mother's. The Court finds the contents are still hearsay as to the agreement the money for the automobile was a loan and Appellees agreed to pay back monies to Decedent.

---

[16] D.R.E. 901(b)(2).

Decedent received the title to the automobile after paying the title loan. Appellee No. 1 agrees that is why she had it. Appellant's assertion Decedent held on to the title until she was repaid is hearsay.

Finally, there is the answer to an interrogatory in another case in Chancery Court. In this case, Appellant's sister and Appellee No. 1's mother answers false to the statement the respondents in that case held the belief the Reese loan and the Travis loan were gifts. The Court admitted this document under the public records exception to the Hearsay rule.[17] Appellee No. 1's mother is not a party to this matter, as she was in the other case. Therefore, the Court finds that while such a statement could be against Ms. Handy's own interest, it does not impute duty on to the Appellees. The Court received no specific information about this case – which is in a Court with a different jurisdiction. In addition, it does not specifically mention the basis for these loans and in particular no information about the 2003 Chevrolet Trailblazer.

## CONCLUSION

In conclusion, the Appellant failed to meet her burden that a contract existed between the Decedent and the Appellees to repay monies for a 2003 Chevrolet Trailblazer. The decision of the Justice of the Peace Court is **AFFIRMED**.

**IT IS SO ORDERED** this 23rd day of May, 2022.

The Honorable Rae M. Mims, Judge

Cc: Shelly Swafford, Judicial Case Manager Supervisor

---

[17] D.R.E. 803(8).